# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAVIER CALDERON
c/o 519 H Street NW
Washington, DC 20001

MARIO CLAROS
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.

CABO NEGRO, INC.
d/b/a MAXIME BISTRO FRANÇAIS
2915 M Street NW
Washington, DC 20007

    Defendant.

Case No. _____

## **COMPLAINT**

1.    Plaintiffs worked at Maxime Bistro Français, a restaurant owned by Defendant. Defendant paid Plaintiff Calderon a flat salary that denied him both minimum and overtime wages. Defendant engaged in a practice of rounding down Plaintiff Claros' hours, a practice which deprived him of some of his hourly wages.

2.    Plaintiffs bring this action to recover damages for Defendant's willful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for Defendant's willful failure to pay regular, minimum, and overtime wages in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Mario Claros and Javier Calderon are adult residents of the District of Columbia.

6. Cabo Negro, Inc. is a District of Columbia corporation. It does business as Maxime Bistro Français. Its principal place of business is 2915 M Street NW, Washington, DC 20007. Its resident agent is Jecca Corporate Services, Inc., 1225 19th Street NW, Suite 320, Washington, DC 20036.

7. Cabo Negro, Inc. owns and operates Maxime Bistro Français, a restaurant located at 2915 M Street NW, Washington, DC 20007.

### Factual Allegations

#### Factual Allegations Specific to Plaintiff Javier Calderon

8. Defendant employed Plaintiff Javier Calderon from October 8, 2013 through August 22, 2016.

9. At all relevant times, Mr. Calderon worked as a line cook.

10. At all relevant times, Mr. Calderon's job duties primarily consisted of cutting vegetables and meats and preparing meals.

11. At all relevant times, Mr. Calderon was paid a salary.

12. At all relevant times, Mr. Calderon typically worked six days a week.

13. At all relevant times, Mr. Calderon typically worked the following schedule:

| Monday | 2:00 p.m. – 11:30 p.m. | No Break | 9.5 Hours Worked |
|---|---|---|---|
| Tuesday | | Off | |
| Wednesday | 2:00 p.m. – 11:30 p.m. | No Break | 9.5 Hours Worked |
| Thursday | 2:00 p.m. – 11:30 p.m. | No Break | 9.5 Hours Worked |
| Friday | 2:00 p.m. – 11:30 p.m. | No Break | 9.5 Hours Worked |
| Saturday | 9:00 a.m. – 11:30 p.m. | No Break | 14.5 Hours Worked |
| Sunday | 2:00 p.m. – 11:30 p.m. | No Break | 9.5 Hours Worked |
| | | **Total:** | **62 Hours Worked** |

14. At all relevant times, Mr. Calderon worked an average of approximately 62 hours per week for Defendant.

15. In the three years preceding the filing of this Complaint, Mr. Calderon worked approximately 3,344 overtime hours for Defendant.

16. From approximately October 8, 2013 until January 3, 2016, Mr. Calderon earned a salary of $1,080.00 every two weeks, or approximately $8.71 per hour.

17. From approximately January 3, 2016 until August 22, 2016, Mr. Calderon earned a salary of $1,200.00 every two weeks, or approximately $9.68 per hour.

18. Defendant did not pay Mr. Calderon an overtime premium for any of his overtime hours.

19. Defendant owes Mr. Calderon approximately **$24,355.65** in unpaid minimum and overtime wages.

### Factual Allegations Specific to Plaintiff Mario Claros

20. Defendant employed Plaintiff Mario Claros from approximately November 18, 2015 until approximately August 3, 2016.

21. At all relevant times, Mr. Claros worked as a kitchen hand.

22. At all relevant times, Mr. Claros' job duties primarily consisted of washing dishes, cutting vegetables, and preparing food.

23. At all relevant times, Mr. Claros typically worked five days a week.

24. At all relevant times, Mr. Claros typically worked between 35 and 40 hours per week.

25. At all relevant times, Mr. Claros was paid by the hour.

26. From approximately November 18, 2015 through June 19, 2016, Defendant agreed to pay Mr. Claros $11.00 per hour.

27. From approximately June 20, 2016 through August 3, 2016, Defendant agreed to pay Mr. Claros $11.50 per hour.

28. At all relevant times, Defendant engaged in a practice of rounding down the hours for which it would pay Mr. Claros.

29. For example, on June 16, 2016, Mr. Claros worked 6 hours and 16 minutes. However, Defendant only paid Mr. Claros for 6 hours of work.

30. At all relevant times, Mr. Claros was paid nothing for approximately 2 hours of work per week.

31. In the three years preceding the filing of this Complaint, Mr. Claros was paid nothing for approximately 85 hours of work.

32. At all relevant times, Mr. Claros was paid by check every two weeks.

33. At all relevant times, Mr. Claros clocked in and out with a punch clock.

34. Defendant owes Mr. Claros approximately **$1,000.00** in unpaid wages.

## General Factual Allegations

35. At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

36. The District of Columbia minimum wage was $8.25 per hour from July 24, 2009 to June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present.

37. Defendant collectively owes Plaintiffs approximately **$25,355.65** in unpaid regular, minimum, and overtime wages.

38. At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

39. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

40. At all relevant times, Defendant had the power to fire Plaintiffs.

41. At all relevant times, Defendant had the power to control Plaintiffs' work schedule.

42. At all relevant times, Defendant had the power to set Plaintiffs' rate of pay.

43. At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact number of hours worked by and wages owed to Plaintiffs will only be known through discovery.

44. Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

45. Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

46. Defendant failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

47. Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

48. Defendant did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

49. At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs the minimum wage required by District of Columbia and federal law.

50. At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

51. At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

52. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

53. Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

54. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

55. Defendant violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

6

56. Defendant's FLSA violations were willful.

57. For its FLSA violations, Defendant is liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

58. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

60. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

62. Defendant violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including regular, minimum, and overtime wages, upon their next regular payday, or within 7 days from the date Defendant's employment of Plaintiffs concluded.

63. Defendant's DCWPCL violations were willful.

64. For its DCWPCL violations, Defendant is liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, on all counts, in the current total amount of **$110,101.40**, and grant the following relief:

    a.    Award Plaintiffs **$101,422.60**, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid District of Columbia minimum, regular, and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiffs reasonable attorney's fees and expenses incurred in the prosecution of this action at the rates indicated by *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (currently, **$8,278.80**);

    d.    Award Plaintiffs court costs (currently, **$400.00**); and

    e.    Award any additional relief the Court deems just.

Date: September 29, 2016  Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*